**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CIV-06-2569-PHX-EHC (GEE) |
| Plaintiff-Respondent, | CR-91-264-PHX-EHC |
| vs. | **REPORT AND RECOMMENDATION** |
| George N. Compton, | |
| Defendant-Movant. | |

On October 27, 2006, George N. Compton, an inmate confined at the Federal Correctional Institute in Herlong, California, filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255. [doc. #337][1] Compton argues the District Court improperly allowed the government to introduce at trial evidence of a prior robbery violating FED.R.EVID. 403 and 404b. (Defendant's motion.)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for a report and recommendation. The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the motion. The motion is time-barred.

---

[1] Criminal case record number.

Summary of the Case

On February 25, 1992, the defendant, George N. Compton, was convicted after a jury trial of Felony Murder – Burglary, Felony Murder – Attempted Robbery, and Use of a Firearm During a Crime of Violence. (Government's response, p. 2.)

Compton appealed, but the Ninth Circuit affirmed his conviction and sentence on October 28, 1993. *United States v. Compton*, 9 F.3d 1554 (9th Cir. 1993), 1993 WL 438753. Compton did not file a petition for review with the Supreme Court. (Defendant's motion, p. 2)

On October 27, 2006, Compton filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. He argues the trial court improperly allowed the government to introduce evidence of a prior robbery violating FED.R.EVID. 403 and 404b. (Defendant's motion.) The government filed a response on March 9, 2007. The government argues the petition should be dismissed because it is untimely. The government is correct.

Discussion

A motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 provides a remedy for those prisoners

> in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255.

On April 24, 1996, section 2255 was amended, and a one-year period of limitation was established. 28 U.S.C. § 2255 (historical and statutory notes); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent certain exceptions that do not apply here, the defendant must file his petition within one year from "the date on which the judgment of conviction becomes final." *See* 28 U.S.C. § 2255(1). If a defendant's conviction became final before April 24, 1996, the court applies a one-year grace period. *United States v. Schwartz*, 274 F.3d 1220, 1222 (9th Cir. 2001).

1  If the defendant takes an unsuccessful direct appeal but fails to file a petition for review with the Supreme Court, the judgment becomes final when the time for filing the petition expires, 90 days after the court of appeals issues its judgment. *Clay v. United States*, 537 U.S. 522, 524-25 (2003). Compton's conviction became final 90 days after the court of appeals issued its judgment on October 28, 1993.

Compton's conviction became final before April 24, 1996, when the period of limitation was established. Accordingly, he had one year from that date in which to file a timely motion. *United States v. Monreal*, 301 F.3d 1127, 1131 (9th Cir. 2002), *cert. denied*, 537 U.S. 1173 (2003); *See also Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). The instant motion was filed on October 27, 2006, more than nine years later. It is time-barred.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order

DENYING the Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255. [doc. #337]

Pursuant to 28 U.S.C. §636 (b) and FED.R.CRIM.P. 59 (b)(2), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

The Clerk is directed to send a copy of this report and recommendation to all parties.

DATED this 24th day of May, 2007.

/s/ Glenda E. Edmonds
Glenda E. Edmonds
United States Magistrate Judge

- 3 -